IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1787-05






CLINTON BRADLEY WHITE, Appellant


 

v.



THE STATE OF TEXAS







ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW 


FROM THE FIFTH COURT OF APPEALS

DALLAS COUNTY





 Hervey, J., delivered the opinion of the Court in which Keller, P.J., Meyers,
Price, Keasler, Holcomb and Cochran, JJ., joined. Womack and Johnson, JJ.,
concurred.


O P I N I O N


 This is a jury-unanimity case. A jury convicted appellant of felony murder under Section
19.02(b)(3), Tex. Pen. Code, which states:

 A person commits an offense if he commits or attempts to commit a
felony, other than manslaughter, and in the course of and in
furtherance of the commission or attempt, or in immediate flight from
the commission or attempt, he commits or attempts to commit an act
clearly dangerous to human life that causes the death of an individual.


 The evidence shows that appellant, driving a stolen car during a high-speed chase with the
police, collided with another car, killing its driver. The indictment alleged in one paragraph that
appellant caused the victim's death during the commission of the state-jail felony of unauthorized
use of a vehicle, and, in another paragraph, it alleged that appellant caused the victim's death during
the commission of the state-jail felony of evading arrest or detention in a vehicle. (1) The jury charge
authorized the jury to convict appellant if it unanimously found that he caused the victim's death
during the commission of either one of these two felonies without having to unanimously find which
felony appellant was committing. (2)

 Appellant claimed for the first time on direct appeal that this violated his right to a
unanimous jury verdict. The Court of Appeals rejected this claim because the two felonies alleged
in the indictment were the "manner and means of committing felony murder." See White v. State,
No. 05-04-01248-CR, slip op. at 3-4 (Tex.App.-Dallas, delivered October 17, 2005) (not designated
for publication). We granted review of the following grounds:

 1. The Court of Appeals' decision that the right to a unanimous verdict does not
require a jury to be unanimous as to the predicate felony in order to convict a
defendant under Section 19.02(b)(3), Texas Penal Code, represents an important
question of state and federal law on which the Court of Appeals' decision conflict
[sic] with the applicable decisions of the Court of Criminal Appeals and United
States Supreme Court.


 2. The Court of Appeals has decided an important question of state and federal law
that has not been, but should be, settled by the Court of Criminal Appeals, to wit:
whether the requirement of a unanimous jury verdict includes a requirement of
unanimity on what predicate felony the defendant committed in order to be convicted
pursuant to Section 19.02(b)(3), Texas Penal Code.


 The term "felony" is clearly an element of Section 19.02(b)(3), thus requiring a jury to
unanimously find that the defendant committed a "felony." See Richardson v. United States, 526
U.S. 813, 817-19 (1999) (courts must examine language of statute to determine whether particular
term in statute is an element, which requires juror unanimity, or an underlying brute fact or means
of committing an element which does not require juror unanimity); Jefferson v. State, 189 S.W.3d
305, 312 (Tex.Cr.App. 2006), cert. denied, 549 U.S. (U.S. October 10, 2006) (06-5602). And,
in cases like this, where some of the jurors might believe that the defendant committed felony A and
the rest of the jurors might believe that he committed felony B, the jury has unanimously found that
the defendant committed a "felony." Compare Richardson, 526 U.S. at 817 (where element of
robbery is threat of force and jurors disagree on whether defendant used a knife or a gun to threaten
force, this disagreement about means "would not matter so long as all 12 jurors unanimously
concluded that the [prosecution] had proved the necessary related element, namely, that the
defendant had threatened force"). In addition, the transitive verb of the portion of Section
19.02(b)(3) at issue here is "commits" followed by the term "felony." This indicates that the
prohibited conduct about which a jury must be unanimous is that the defendant commit a "felony,"
and not one specific felony out of a combination of felonies. See Jefferson, 189 S.W.3d at 314
(Cochran, J., concurring).

 We, therefore, decide that, when an indictment alleges multiple felonies in a prosecution
under Section 19.02(b)(3), these specifically named felonies are not elements about which a jury
must be unanimous. These felonies constitute the manner or means that make up the "felony"
element of Section 19.02(b)(3). See Jefferson, 189 S.W.3d at 312. We further decide that
dispensing with jury unanimity on the felonies alleged in this case does not violate due process
because these felonies are "basically morally and conceptually equivalent." See Jefferson, 189
S.W.3d at 313-14.

 The judgment of the Court of Appeals is affirmed.


 Hervey, J.


Delivered: December 6, 2006

Publish
1. See Section 31.07, Tex. Pen. Code, (unauthorized use of a vehicle); Section 38.04(b)(1),
Tex. Pen. Code, (evading arrest or detention in a vehicle); Section 12.04(a)(5), Tex. Pen. Code,
(classifying state-jail felony as a felony).
2. The jury charge, therefore, authorized the jury to convict appellant if it unanimously found
that he caused the victim's death during the commission of a "felony."